ROBERT C. BORRIS JR., ESQ. #85415
21550 Foothill Blvd
Hayward, CA 94541
(510) 581 7111 Fax 582 6729
rborrisjr@aol.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re ) Chapter 13 N0 11-41204
)
Mel Arellano Foronda )
) MOTION TO VALUE SECURED
Debtors ) CLAIM AND TO AVOID LIEN &
) NOTICE OF OPPORTUNITY TO
) OBJECT

TO: WELLS FARGO HOME MORTGAGE INC., secured creditor:

I. NOTICE OF OPPORTUNITY TO OBJECT

**NOTICE IS HEREBY GIVEN** that the Debtor has filed herewith a Motion to Value the Secured Claims of WELLS FARGO HOME MORTGAGE INC. against the Debtor's residence known as 1633 Ashbury Lane, Hayward CA.

**You are notified that, pursuant to Bankruptcy Rule 2002, you are given twenty eight (28) days from the date of mailing of this notice to request a hearing on this Application/Plan. Such a request shall be filed with the Clerk of the U.S. Bankruptcy Court at the following address: Clerk of the U.S. Bankruptcy Court,**

**1300 Clay Street, 3d Floor, Oakland California 94612. Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed and any objection to the requested relief, or a request for hearing on the matter must be filed and served upon the requesting party within 28 days of mailing of the notice;**

**A request for a hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of their position; If there is not a timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and the objecting or requesting party, and to any trustee or committee appointed in the case, in the event an objection or request for hearing is timely made, or (2) at least 10 days written notice of the tentative hearing date.**

NOTICE IS HEREBY GIVEN that Debtors request the court to value their real property known as <u>1633 Ashbury Lane, Hayward CA.</u> This property secures the notes secured by second and third deeds of trust and claim therefor of WELLS FARGO HOME MORTGAGE INC. Debtor also requests that the amount of the creditor's secured claims not exceed the value of its security, less the claims of creditors holding senior liens or security interests. This determination will supercede any greater secured claim

demanded in a proof of claim. Any objections to the creditor's claim are reserved and will be filed after the creditor has filed a proof of claim. In the opinion of the Debtors, the collateral has the replacement value indicated below.

## II. DECLARATION OF DEBTOR IN SUPPORT OF MOTION

In support of this Motion the Debtor alleges as follows:

1. The name of the creditor whose collateral is being valued by this motion is WELLS FARGO HOME MORTGAGE INC.. The total amount of this creditor's claim is $147,000.00 on its second trust deed and $22,000.00 on its third trust deed. The amount owed to and the name of all creditors holding liens or security interests senior to the lien or security interest of the above-named creditor are PROVIDENT FUNDING, holding a note secured by first deed of trust upon the property in the sum of $280,000.

2. Debtors' opinion of the collateral's "replacement value" [as defined and limited by section506(a)(2)] is $250,000.00.

3. Debtor moves this Court, pursuant to 11 USC Section 506(a) and Bankruptcy Rule 3012, to value the secured claim of Second and Third Deeds of Trust creditor WELLS FARGO HOME MORTGAGE INC. at zero Dollars ($0.00), to treat those

claims as being entirely unsecured and no longer secured liens against Debtor's said real property, to pay said creditor's claim as general unsecured claims only under Debtor's Chapter 13 Plan, and to avoid and extinguish said secured junior liens such that on confirmation of Debtor's Chapter 13 Plan, WELLS FARGO HOME MORTGAGE INC. shall no longer have junior liens and secured claims against Debtor's said real property. Debtor further moves for an order to void, cancel, extinguish and annul WELLS FARGO HOME MORTGAGE INC.'S junior secured liens against Debtors' real property created by said claimant's 2nd and 3d Deeds of Trust, and to treat and pay its claims as general unsecured claims only in Debtors' Chapter 13 Plan.

4. WELLS FARGO HOME MORTGAGE INC.'s second and third deeds of trust and secured claims are entirely "*underwater*", unsecured, and have no secured value. The claims of WELLS FARGO HOME MORTGAGE INC. is predicated on such 2d and 3d Deeds of Trust as wholly unsecured liens against Debtor's real property and are accordingly not protected by the anti-modification clause of Bankruptcy Code section 1322(b)(2). Claimant WELLS FARGO HOME MORTGAGE INC.'S junior lien claims should therefore be valued pursuant to 11 USC 506(a) and Bankruptcy Rule 26 3012 at ZERO DOLLARS ($0.00) each, and after such valuation, should be voided, canceled, annulled, extinguished and formally stripped off of Debtors' real property so that it no longer remains a recorded lien or encumbrance on Debtors' real property.

## III. MEMORANDUM OF POINTS & AUTHORITIES

The claim of WELLS FARGO HOME MORTGAGE INC. on its Second Deed and Third Deeds of Trust should be paid only as general unsecured claims without priority in Schedule "F" of Debtor's Schedules and Chapter 13 plan and should not be paid as a secured claim for any amount whatsoever *See In re 5 Zimmer* (9th Cir, 2002) 313 F3d 1220, 1222-25. The 9th Circuit rule in *In Re Zimmer* allowing such wholly unsecured junior lien claims to be stripped off the Debtor's real property through a Chapter 11 Plan is in harmony with all of the other Circuit decisions which have considered the same. See *In Re Lane* (6th Cir., 2002) 208 F3d 663,667-669; *In Re McDonald* (3Td Cir., 2000) 2005 F3d 606, 615; *In Re Tanner* (lIth Cir. 2000) 217 F3d 1357; *In Re Mann* (BAP 1st Cir. 2000) 249 BR 831; *In Re Bartee* (5th Cir. 11 2000) 212 F3d 277. 12 6. Bankruptcy Rule 3012 provides that the "valuation of security" may be done by noticed motion rather than adversary proceeding and accordingly the within motion to determine and value claimant's "secured" claim at -0- dollars in Debtor's Chapter 11 reorganization plan is proper.

Debtor declares under penalty of perjury under the laws of the United States that the foregoing is trust and correct; and

WHEREFORE, Debtor prays for an order pursuant to 11 USC 506(a) and

Bankruptcy 17 Rule 3012:

    1. Valuing the secured claims evidenced by second and third deeds of trust of WELLS FARGO HOME MORTGAGE INC. at ZERO DOLLARS ($0.00);

    2. Voiding, canceling, extinguishing and annulling said 2d and 3d deeds of trust of WELLS FARGO HOME MORTGAGE INC. recorded against Debtor's real property at 1633 Ashbury Lane, Hayward CA;

    3. Treating WELLS FARGO HOME MORTGAGE INC.'S deeds of trust claims entirely as general unsecured claims in Debtor's Chapter 13; and

    4. For such other and further relief as the court deems proper.

October 3, 2011

                                s/s Robert C. Borris Jr., Esq.
                                Counsel for Debtor

## CERTIFICATE OF SERVICE BY MAIL

I, Robert C. Borris Jr., Esq. declare under penalty of perjury under the laws of the United States as follows:

I am employed in the County of Alameda, am over the age of eighteen years, and am not a party to this action. My business address is 21550 Foothill Blvd, Hayward, CA 94541.

That on the date set forth below I served the attached MOTION TO VALUE SECURED CLAIM, AVOIDING LIEN AND NOTICE OF OPPORTUNITY TO OBJECT on all parties and interested persons herein by placing a true copy thereof enclosed in a sealed envelope, with postage prepaid/Certified Mail and deposited same in the United States mail at Hayward, California as follows:

Wells Fargo Home Mortgage Inc. ATTN: Officer
1 HOME CAMPUS MAC X2401-049
DES MOINES IA 50328

Wells Fargo Home Mortgage Inc. ATTN: Officer
101 North Phillips
Sioux Falls SD 57104

Wells Fargo Home Mortgage Inc.
ATTN: Corporation Servicing Company/
Lawyers Incorporating Service
2730 Gateway Oaks Dr Ste 100
Sacramento CA 95833

October 3, 2011

s/s Robert C. Borris Jr, Esq.